UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

JOHN P. GEARNHARDT,

        Petitioner,

  v.                                          Case No. 17-cv-344-pp

UNITED STATES OF AMERICA

        Respondent.

---

**ORDER SCREENING MOTION TO VACATE, CORRECT OR SET ASIDE SENTENCE UNDER 28 U.S.C. §2255 (DKT. NO. 1) AND DISMISSING AS A SECOND OR SUCCESSIVE PETITION**

---

**I.    Background**

In January 2013, a grand jury returned a second superseding indictment charging the petitioner and six co-defendants with conspiring to distribute heroin resulting in death. United States v. John P. Gearnhardt, Case No. 12-cr-217-WCG, Dkt. No. 86 (E.D. Wis. Jan. 15, 2013). A little over a year later, the United States Attorney signed a superseding information charging the petitioner and five co-defendants with conspiring to distribute heroin. Id. at Dkt. No. 151. The petitioner waived indictment, id. at dkt. no. 161, and on February 19, 2014—the same day the superseding information was signed—the petitioner pleaded guilty to the charge in the superseding information, id. at 167. Four months later, on June 10, 2014, Judge Charles N. Clevert sentenced the petitioner to serve 114 months in custody and three years' supervised release. Id. at 217.

1

On August 17, 2015, the petitioner filed an unopposed motion to reduce his sentence under Amendment 782 to the sentencing guidelines. Dkt. No. 288. Judge Clevert ordered the petitioner's sentenced reduced to ninety-one months imprisonment. Id. at Dkt. No. 293. Separately, the petitioner filed a motion to vacate the June 2014 sentence. Id. at Dkt. No. 274 (opened as Civil Case 15-cv-746, Gearnhardt v. United States). The motion to vacate alleged that the petitioner's attorney had provided ineffective assistance of counsel by failing to object when Judge Clevert relied on testimony from the victim's mother despite the petitioner not pleading guilty to the conspiracy that resulted in the victim's death. Gearnhardt v. United States, Case No. 15-cv-746, Dkt. No. 1 at 6-7 (E.D. Wis. June 19, 2015). A year later, Judge Clevert granted the motion and vacated the petitioner's sentence after the government filed a brief conceding that a due process violation had occurred at sentencing. Id. at Dkt. No. 18 at 4 (E.D. Wis. June 8, 2016).

Based on the motion to vacate, Judge Clevert re-sentenced the petitioner on September 27, 2016. Id. at Dkt. No. 331. He reduced the petitioner's sentence to eighty-eight months' imprisonment followed by three years of supervised release. Id. The clerk issued an amended judgment on October 3, 2016. Id. at Dkt. No. 332. The petitioner appealed, but the Seventh Circuit dismissed the appeal as untimely and returned the mandate on March 7, 2017. Id. at Dkt. No. 344.

Two days after the mandate issued, the petitioner filed this motion to vacate his sentence under 28 U.S.C. §2255. Gearnhardt v. United States, Case

2

No. 17-cv-344, at Dkt. No. 1 (E.D. Wis. Mar. 9, 2017). The motion alleges ineffective assistance of counsel, arguing that the petitioner directed his attorney to file an appeal, but that the attorney failed to do so. Id. at 4. The petitioner observes that the Seventh Circuit eventually dismissed his appeal as being untimely. Id. The petitioner does not indicate what he wanted his lawyer to argue on appeal.

II. **Analysis**

The first thing a court must do in a proceeding under §2255 is review—or "screen"—the motion. Rule 4 of the Rules Governing Section 2255 proceedings provides:

> If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party. If the motion is not dismissed, the judge must order the United States attorney to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

Rule 4(b), Rules Governing §2255 Proceedings. A petitioner seeking relief under §2255 must allege either that the sentence violated the Constitution or laws of the United States, that the court was without jurisdiction, that the sentence exceeded the maximum authorized by law or that the sentence is otherwise subject to collateral attack. 28 U.S.C. §2255(a). A person seeking relief under §2255 must file his petition within one year of the date on which the judgment of conviction became final, the date on which any impediment to making a motion was removed (if the movant was prevented from filing his motion by government action), the date on which the right the petitioner asserts was

3

recognized by the Supreme Court (if it is a newly recognized right) or the date on which the facts supporting the claim or claims could have been discovered through the exercise of due diligence. 28 U.S.C. §2255(f). If a petitioner already has filed on §2255 petition, he cannot file a second or successive petition unless the Seventh Circuit certifies, under 28 U.S.C. §2244, that the motion contains either "newly discovered evidence that, if proven and viewed in the light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense" or "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable."

The petitioner timely filed this §2255 petition, by filing it two days after the Seventh Circuit issued the mandate. This is, however, his second §2255 petition. As noted above, he filed a §2255 petition in June 2015, challenging his sentence and alleging that his attorney was ineffective. Gearnhardt v. United States, 15-cv-746-CNC (E.D. Wis.). The claim the petitioner raises in this petition—that his lawyer was ineffective in failing to timely file an appeal from the sentence Judge Clevert imposed on September 27, 2016—was not raised in his prior petition; it couldn't have been. This court first must determine whether "the factual predicate for the claim could not have been discovered previously through the exercise of due diligence" and whether "the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that,

4

but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense." If the factual predicate could have been discovered previously with due diligence and the facts underlying the claim would not show by clear and convincing evidence that but for a constitution error no reasonable factfinder would have found the petitioner guilty, the court must dismiss the petition under 28 U.S.C. §§2244(b)(2)(B) and 2255(h).

The petitioner could not have discovered the facts relating to his counsel's failure to file his appeal by the time he filed his first §2255 petition. He filed the first petition fifteen months before Judge Clevert amended his sentence on September 27, 2016, and the amended judgment was not entered until October 3, 2016. Dkt. Nos. 331, 332.

But the court cannot conclude that the facts underlying the claim the petitioner raises in this second petition would be sufficient to establish by clear and convincing evidence that, but for a constitutional error, no reasonable factfinder would have found him guilty of the offense of conspiring to distribute heroin. First, the defendant *admitted* to committing the offense. He admitted it when he signed the plea agreement on February 17, 2014. Dkt. No. 154 at 13. He admitted it when he appeared before Judge Clevert on February 19, 2014 and entered his plea. Dkt. No. 167 at 1.

Second, the petitioner's assertions about what happened between him and his lawyer regarding his desire to appeal the September 2016 sentence are contradicted by the record. The petitioner says that "[d]irectly following" the

5

resentencing, he "told his Attorney that he did not know if he wanted to appeal;" he says his lawyer agreed to wait until the petitioner decided. Dkt. No. 1 at 4. The docket, however, shows that on September 28, 2016, the court received a letter from Attorney Joel A. Mogren, indicating that he had spoken with the defendant after the resentencing hearing and that he was informed by the petitioner that the petitioner "did not wish to exercise his appellate rights." United States v. Gearnhardt, Case No. 12-cr-217, Dkt. No. 330 (E.D. Wis. Sep. 28, 2016).

The petitioner says that within ten days of the September 27, 2016 resentencing hearing, he told his lawyer he wanted the lawyer to file a notice of appeal, but the lawyer didn't do so. Gearnhardt v. United States, 17-cv-344, Dkt. No. 1 at 4. But the petitioner did not seek an extension of time to file his notice of appeal, and the court did not receive his *pro se* notice of appeal until November 29, 2016—two months after the resentencing hearing. United States v. Gearnhardt, Case No. 12-cr-217, Dkt. No. 335 (E.D. Wis.). Under Fed. R. App. P. 4(b)(1)(A), the defendant needed to file his notice of appeal within fourteen days of the October 3, 2016[1] entry of judgment—that is, by October 17, 2016.

Third, the petitioner does not say in his petition what issues he wanted his attorney to raise on appeal. The court assumes, however, that he wanted his attorney to raise the issue the petitioner identified in the docketing

---

[1]The Seventh Circuit indicated that the amended judgment was entered on October 4, 2016. Dkt. No. 344 at 2. This appears to have been an error.

6

statement he filed with the notice of appeal. Id. at Dkt. No. 336. In the docketing statement, the petitioner asserted that "[t]he sentence imposed after vacatur was unreasonable as Petitioner was initially held responsible for a death, and after setting aside same, received only a 3 month reduction." Id. at 1. It is true that at the resentencing hearing, the defendant's lawyer asked for a sentence of time served (as of that date, forty-six months and nineteen days—just shy of four years). United States v. Gearnhardt, 12-cr-217 at Dkt. No. 331, p. 2. The government asked the court to keep the sentence at ninety-one months. Id. Judge Clevert acknowledged the defendant's good conduct while in prison and agreed that the defendant likely had been deterred but concluded that the seriousness of the crime did not warrant a sentence of time served. Id. at 3.

The defendant did not challenge his *guilt* in his attempted appeal. He argued only that Judge Clevert should have reduced his sentence more than three months. That argument does not establish by clear and convincing evidence that no reasonable factfinder would have found the defendant guilty of the underlying conspiracy.

The court must dismiss the petition as a second or successive petition under 28 U.S.C. §§2244(b)(2)(B)(ii) and 2255(h).

Under Rule 11(a) of the Rules Governing Section 2255 Proceedings, "the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. A court may issue a certificate of appealability only if the applicant makes a substantial showing of the denial of

7

a constitutional right. See 28 U.S.C. §2253(c)(2). The standard for making a "substantial showing" is whether "reasonable jurists could debate whether (or for that matter, agree that) the petitioner should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 472, 484 (2000) (internal quotations omitted). The court declines to issue a certificate of appealability, because reasonable jurists courts not debate that the petition was a second or successive petition which required authorization from the Seventh Circuit Court of Appeals.

The court **ORDERS** that the petition is **DISMISSED**. Dkt. No. 1.

Dated in Milwaukee, Wisconsin this 13th day of July, 2020.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER
Chief United States District Judge**